## STATE *vs.* JOHN N. HARKER.

Section 24 of the act of 1825, regulating the general election, is not repealed by the act of February, 1845.

Distinction between "offering" and "promising" a reward.

Indictment bribery: motion in arrest of judgment.

*By the Court:*

BOOTH, *Chief Justice.*—The defendant was indicted under the twenty-fourth section of the act of 1825, entitled "An act regulating the general election."

The charge contained in the indictment is, that the defendant un-lawfully promised a reward of five dollars to James Roach, to in-fluence him in giving his vote at the general election, held on the second Tuesday of November last. Of this charge the defendant was convicted. A motion has been made to arrest the judgment for two reasons which are filed in these words, namely: "*First.* For that the act of assembly upon which the said indictment is founded, and the provisions thereof, so far as the same relate to the offence of bribery, have been, and the same are repealed. *Second.* For that the said indictment is insufficient and defective in not setting forth the general election and truly stating the offence mentioned in the act of assembly." The second reason was abandoned in the argu-

ment. Our attention, therefore, is called only to the first. The defendant's counsel has contended, that by the third section of an act of assembly, passed February 11th, 1845, the twenty-fourth section of the act of 1825, is virtually repealed.

It is a settled rule, that a later statute is never construed to repeal a prior statute, unless there be a contrariety or repugnancy in them; or unless some notice be taken of the former statute, indicating an intention in the legislature to repeal it. In the act of 1845, no notice is taken of the twenty-fourth section of the act of 1825, nor any allusion made to it. Is there, then, such an inconsistency or repugnancy in them, that the two cannot stand together? If there is not, and as the law does not favor a repeal by implication, the latter cannot be construed to repeal the former. Each section seems to have been intended to effect a different object. The twenty-fourth section of the act of 1825 imposes a forfeiture upon the person who shall give, offer, or promise, any reward, gift, favor, or benefit, to any voter, to hire, bribe or influence him in giving his vote. The third section of the act of 1845 imposes a forfeiture on any person who shall give, offer, or procure money or other thing of value, for the purpose of influencing the vote of any voter, or to induce him to absent himself from the polls; and also imposes a forfeiture on any person who shall release, or offer to release, any debt or obligation, by way of bribe, gift, benefit, or reward, for the same purpose. A person, therefore, who gave, or offered money to third persons, or procured money and placed it in the hands of third persons, not for the purpose of bribing such third persons, but to be used by them for the purpose of bribing voters, and corrupting the purity of our elections, could not have been indicted under the twenty-fourth section of the act of 1825, because by its terms, it includes only the case of giving, offering, or promising a bribe directly to the voter himself; and does not embrace the case of a gift, offer, or procurement of money to be placed in the hands of others, to be used by them for the purpose of bribing voters. In this view of the two sections, there is no conflict between them. But, admitting that a construction may be given to the third section of the act of 1845, so extensive as to include not only the cases of giving, offering, and of procuring money to be used by others for purposes of bribery; but also the cases of giving and of offering a bribe directly to the voter himself, it cannot be considered, upon any principle of construction, as embracing the case of a *promise by one person to another*, of a reward to influence the latter in giving his vote. The sections of the two acts are *in pari materia,*

and are to be taken and compared together, as if they were one law. Where different words are used, it is to be presumed that they were used to express different ideas; and so where there is a material change, alteration, or omission, in the words used in different statutes upon the same subject matter, or in different clauses of the same statute, it is to be inferred that the attention of the legislature has been directed to the point, and that the change, alteration, or omission was designed. The twenty-fourth section of the act of 1825 imposes a penalty on the person who shall give, offer, or *promise* any reward to a voter to bribe or influence him. The third section of the act of 1845 imposes a penalty on the person who shall give, offer, or *procure* any money or other thing of value, for the purpose of influencing the vote of any elector; but omits the case of the person who shall *promise* to another any money, or other thing of value, for such purpose. Supposing then, as regards the giving and the offering a reward to a man by way of bribe to influence his own vote, such an inconsistency or repugnance exists between the twenty-fourth section of the act of 1825, and the third section of the act of 1845, so that the latter by implication repeals the former in those two respects, no such repugnance exists as regards the offence of a person *promising* a reward to a man to influence his vote. The fair inference is, that the legislature intended by the omission, to leave such offence to be prosecuted and punished under the twenty-fourth section of the act of 1825. To avoid this conclusion, the argument for the defendant assumes, that to offer a reward, or to promise a reward, means the same thing. But there is a clear and distinct meaning to be attached to each of the words "*give*," "*offer*," "*promise*," and "*procure*," as used in the two acts. To *give* a reward by way of bribe, is to pass or deliver the reward or bribe immediately to another. To *offer* it, is to present it for acceptance or rejection; to *promise* it, is to make a declaration or engagement that it shall be given; and to *procure* it, is to obtain it from others.

Therefore, as the provision in the twenty-fourth section of the act of 1825, relating to the case of a person who promises any reward to any man to bribe or influence him in giving his vote, remains unrepealed, the court refuse to arrest the judgment.

Defendant sentenced.